IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHEAL N.B. ATTAWAY,

    Plaintiff,

v.

RYAN NOTTINGHAM, MRS. HIU, LATOYA HUGHES, BRIAN WATERS, MR. HARMON, MS. SANDUSKI, JACOB HORN, MS. WALKER, MS. GENTLES, SGT. RITTER, CALVIN PEND, LT. PENN, ZACH LOVE, LT. SULLIVAN, LT. BEALS, MS. ALLISON, LT. MARVIN, LT. BRADFORD, LT. HICKS, SGT. LEMON, AMANDA SMITH, LT. BRIAN BANKS, DARREN GALLOWAY, ZACH MOORE, OFFICER LOGSDON, and SGT. MEREMAN,

    Defendants.

Case No. 24-cv-1561-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Plaintiff Michael N.B. Attaway brought this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while an inmate of the Illinois Department of Corrections at Shawnee Correctional Center. He was not incarcerated at the time he filed his Complaint. Shortly after he filed his Complaint, the Court sent Plaintiff a notice with general information and procedures related to his case. Specifically, Plaintiff was informed that he was obligated to inform the Court of any changes in his address within 14 days of the change (Doc. 4). Plaintiff was warned that his failure to update his address

1

would result in the dismissal of his claims (*Id.*). On November 13, 2024, the Court entered a Show Cause Order because in Plaintiff's numerous cases in the district (totally 22 cases) he seemingly stopped participating (Doc. 6). A number of his other cases were dismissed for want of prosecution. As a result, Plaintiff was instructed to inform the Court whether he intended to proceed in this case. He was warned that his failure to respond would result in the dismissal of his case (*Id.*). Plaintiff's deadline to respond was December 4, 2024 (*Id.*). Plaintiff failed to respond and on December 10, 2024, his claims were dismissed for want of prosecution and judgment was entered (Docs. 7, 8).

On March 31, 2025, Plaintiff filed a Motion to Vacate the Court's Notice and Order (Doc. 9), Late Response to the Order to Show Cause (Doc. 10), Motion to Vacate Order and Judgment (Doc. 11), and Motion to Change Venue (Doc. 12). Plaintiff argues that the dismissal of his case was a result of financial hardship that he faced directly after his release from prison (Doc. 10, p. 1). He argues that he faced homelessness, lack of access to stable mail services, and an inability to access electronic legal resources (*Id.*). He alleges this hampered his ability to respond to the Court's Show Cause Order. He alleges that these hardships prevented him from accessing the Court and responding in a timely manner (*Id.* at p. 2). In his motion to vacate the dismissal in this case, Plaintiff reiterates that he lacked stable housing, access to mail, and dependable access to public libraries for internet access (Doc. 11, p. 2). Plaintiff further alleges that his failure to respond to the Court's Order to Show Cause was due to his financial situation which made communication with the Court difficult (*Id.*).

2

Plaintiff cites to Federal Rule of Civil Procedure 60(b) for his request to vacate the dismissal and judgment in this case. Rule 60(b) allows for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Relief under Rule 60(b) is an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010).

Plaintiff argues his failure to respond to the Court's Order was due to excusable neglect (Doc. 11, pp. 1-2). He was faced with significant barriers such as unstable housing, limited access to the mail, and dependence on public libraries for access to the internet (*Id*. at p. 2). He alleges that these hardships prohibited him from timely responding to the Court's Order to Show Cause. To determine if a plaintiff's neglect of a case is excusable, the Court takes into account "all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice…, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Moje v. Fed. Hockey League*, LLC, 792 F.3d 756, 759 (7th Cir. 2015). Inattentiveness to the litigation and the consistent disregard for the Court's scheduling orders does not amount to excusable neglect. *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004).

In this case, Plaintiff was informed early in the case that it was his responsibility to keep the Court updated on his whereabouts, and he was directed to inform the Court of any change of address within 14 days of the change (Doc. 4). Plaintiff failed to keep the Court apprised of his whereabouts. He also never responded to the Court's Order to

3

Show Cause. Plaintiff continued to ignore Court directives and failed to keep the Court apprised of his whereabouts. Although Plaintiff was proceeding *pro se* in this case "*pro se* litigants do not enjoy 'unbridled license to disregard clearly communicated court orders.'" *De Falco v. Oak Lawn Public Library*, 25 F. App'x 455, 457 (7th Cir. 2001).

Plaintiff also failed to keep track of the proceedings in this case. Although Plaintiff maintains that he had limited resources and lacked stable housing, he failed to inform the Court of these issues. He could have mailed a change of address to the Court or even contacted the Court by phone. Further, he failed to act quickly when his case was dismissed, waiting over three months before filing his motion to vacate (Doc. 11) and response to the Order to Show Cause (Doc. 10). His failure to update the Court on his current address or keep apprised of the status of his case does not constitute excusable neglect. Thus, his motion to vacate (Doc. 11) is **DENIED**. Plaintiff's motion to change venue (Doc. 13) and motion to vacate the Court's June 24, 2024 Order are **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: June 23, 2025.**

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**

4